Anna Reeves Olson, 6-3692
Jordan Haack, 8-7088
LONG REIMER WINEGAR, LLP
242 S. Park Street
Casper, Wyoming 82601
(307) 265-3843
(307) 235-0243 facsimile
aolson@lrw-law.com

T. Barry Kingham (*pro hac vice* forthcoming)
Hermann Ferré (*pro hac vice* forthcoming)
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178-0061
(212) 696-6046
bkingham@curtis.com

*Counsel for Plaintiff John T. Dorrance III*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **JOHN T. DORRANCE III** | )<br>)<br>) |
| *Plaintiff,* | )<br>) |
| v. | )   Case No. _____<br>) |
| **PAMELA JO BONDI**<br>**Attorney General,** U.S. Department<br>of Justice in her official capacity<br>as well as her successors and assigns, | )<br>)<br>)<br>)<br>) |
| *Defendant.* | )<br>) |

## COMPLAINT

Plaintiff John T. Dorrance III, by and through his undersigned counsel, alleges as follows:

### I.   INTRODUCTION

1. This civil action is a challenge under the Second Amendment to the U.S. Constitution to the constitutionality of the federal firearms ban contained in 18 U.S.C.

§ 922(g)(7), as specifically applied to plaintiff John T. Dorrance III.  Section 922(g)(7) provides that it is unlawful for any person to possess a firearm "who, having been a citizen of the United States, has renounced his citizenship."  Mr. Dorrance is a non-resident alien who renounced his U.S. citizenship in 1993.

2. This action is also a challenge under the due process clause of the Fifth Amendment to the non-application to Mr. Dorrance of 18 U.S.C. § 922(y)(2)(A), which does not provide an exception to the application of Section 922(g)(7) to former U.S. citizens, although it does provide exceptions to other prohibitions under Section 922 applicable to other categories of non-resident aliens.  The result is a denial of the right to equal protection afforded to Mr. Dorrance by the due process clause of the Fifth Amendment.

## II.    JURISDICTION AND VENUE

3. This action arises under the Constitution and laws of the United States. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2201-2202.

4. This Court has personal jurisdiction over the defendant because, in her official capacity as Attorney General, she enforces the statutes challenged in this action in this District and throughout the United States.

5. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims arise in this District, where defendant, in her official capacity as Attorney General, enforces against plaintiff the statutes challenged in this action.

## III.    PARTIES

6. Plaintiff John T. Dorrance III is a natural person and a citizen of the Republic of Ireland.  Mr. Dorrance resides in the Commonwealth of the Bahamas.  Mr. Dorrance and his family have been owners of a 16,000-acre ranch in the state of Wyoming since 1973.

7.      Defendant Pamela Jo Bondi is sued in her capacity as the Attorney General of the United States. As Attorney General, Ms. Bondi is responsible for executing and administering laws, customs, practices, and policies of the United States. As the chief law enforcement officer of the United States, Ms. Bondi is presently enforcing the laws, customs, practices, and policies complained of in this action in the state of Wyoming.

## IV.   FACTS

8.      Plaintiff John T. Dorrance III is the beneficial owner of a 16,000-acre ranch in Devil's Tower, Wyoming (the "Ipy Ranch"). He was born in 1944 in Joplin, Missouri, and raised outside Philadelphia, Pennsylvania. Mr. Dorrance also lived in Switzerland and ultimately in Tucson, Arizona. Mr. Dorrance moved to the Ipy Ranch in 1973 with his wife, Gunda S. Dorrance. He resided at the ranch for twenty years, raising his two sons there.

9.      In 1993, Mr. Dorrance renounced his U.S. citizenship and became a citizen of the Republic of Ireland. He remains an Irish citizen and currently resides in Lyford Cay, Bahamas, with Mrs. Dorrance. Mr. Dorrance is a private investor in publicly-traded stocks and bonds, private equity, venture capital, land, ranches, commodities and other investments. During the past thirty years, Mr. Dorrance has maintained substantial connections to the United States and Wyoming. Although he is no longer a United States citizen, Mr. Dorrance still loves this country, its people, and its natural beauty. He deeply values his many continuing connections to this country.

10.     Mr. Dorrance is heavily invested in U.S. companies and the country's economy. He and his family continue to be significant private landowners in Wyoming and he has visited the Ipy Ranch several times each year since he emigrated in 1993. The ranch contains an active business: licensed hunters use the property for a fee and cattle farmers use the property for grazing for a fee. The ranch also contains a residential house in which his wife has a life

estate.  Mr. Dorrance makes substantial contributions to charitable organizations based in Wyoming such as the local fire department (power load system) and emergency medical services (ambulance).

11. Mr. Dorrance travels to the United States pursuant to a B-1/B-2 nonimmigrant visa.  In addition to visits to the Ipy Ranch, Mr. Dorrance also visits his son Charles Dorrance, his daughter-in-law and two grandchildren, all of whom reside in Texas and are United States citizens.

12. Mr. Dorrance is a lifelong hunter.  For many years, he has wished to exercise his Second Amendment right to own and use firearms to hunt on the Ipy Ranch and on his son's ranch in Texas.  Mr. Dorrance has valid hunting licenses in Wyoming and Texas, but he may not currently use firearms in the U.S. due to the federal criminal firearms laws that apply to him as a non-resident alien who has renounced his citizenship.  Mr. Dorrance respectfully brings this action to obtain an order that those laws – as specifically applied to him – are unconstitutional under the Second and Fifth Amendments.

## V. RELEVANT LAW

13. The Second Amendment to the U.S. Constitution provides that "the right of the people to keep and bear Arms shall not be infringed."  U.S. Const. Amend. II.  By virtue of his ongoing substantial connections to the United States, Mr. Dorrance is one of "the people" protected by the Second Amendment.

14. The Fifth Amendment to the U.S. Constitution provides that "no person . . . shall be deprived of life, liberty, or property, without due process of law."  The United States Supreme Court has held that the Fifth Amendment's due process clause embraces the principles of equal protection contained in the Fourteenth Amendment.  *See e.g., United States v. Windsor*, 570 U.S.

4

744, 774 (2013); *Bolling v. Sharpe*, 347 U.S. 497, 499-500 (1954).  Mr. Dorrance is a "person" protected by these constitutional amendments.

15.     Title 18, United States Code, Section 922(g)(7) provides that it shall be unlawful for any person "who, having been a citizen of the United States, has renounced his citizenship" to possess any firearm or ammunition "in or affecting interstate commerce."  18 U.S.C. § 922(g)(7).  Mr. Dorrance is ostensibly subject to Section 922(g)(7).

16.     Title 18 Section 922(g)(5)(B) provides that such possession of a firearm is also unlawful if engaged in by any alien, "except as provided in subsection (y)(2), [who] has been admitted to the United States under a nonimmigrant visa [as defined]."  Mr. Dorrance is ostensibly subject to Section 922(g)(5)(B).

17.     Title 18 Section 922(y)(2)(A) provides that Section (g)(5)(B) does not apply "to any alien who has been lawfully admitted to the United States under a nonimmigrant visa, if that alien is – (A) admitted to the United States for lawful hunting or sporting purposes or is in possession of a hunting license or permit lawfully issued in the United States."  That exception would apply to Mr. Dorrance, as it does to any other alien who enters the United States on a nonimmigrant visa with a valid hunting license.  However, he is not equally protected by the exception in Section 922(y)(2)(A) because it does not provide an exception to prosecution of former citizens under Section 922(g)(7).

18.     In sum, as applied to Mr. Dorrance, the statutes quoted above provide that – without exception and because he had renounced his citizenship – he is not entitled to possess a firearm when he is in the United States.  Mr. Dorrance respectfully submits that these statutes, as applied to him, violate his rights under the Second and Fifth Amendments to the U.S. Constitution.

## VI.     EXHAUSTION AND STANDING

19.     There is no administrative remedy available to Mr. Dorrance. Title 18 Section 925(c) does provide that a person who is prohibited from possessing a firearm "may make an application" to the Attorney General for relief from the disabilities imposed by "Federal laws." However, since 1992, Congress has removed funding for the review of any administrative petitions filed under Section 925(c). This suspension of statutorily created rights constitutes a de facto exhaustion of administrative remedies.

20.     Mr. Dorrance has standing to assert the claims in this action because he has substantial connections with the United States and the federal firearms ban under 18 U.S.C. § 922(g)(7) injures and infringes on his right to keep and bear arms under the Second Amendment and on his right under the Fifth Amendment to equal protection of the law under 18 U.S.C. § 922(y)(2)(A). The statutes preclude Mr. Dorrance from hunting and maintaining arms for defense on the property he owns beneficially and regularly visits in Wyoming.

## VII.     CLAIMS FOR RELIEF

### FIRST CLAIM

*INDIVIDUALIZED, AS-APPLIED CLAIM FOR RELIEF*
*RIGHT TO KEEP AND BEAR ARMS, U.S. CONST. AMEND. II*

21.     Mr. Dorrance repeats and realleges the allegations contained in the preceding paragraphs.

22.     The Second Amendment's plain text states that "the right of the people to keep and bear Arms shall not be infringed." The United States Supreme Court has held that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *New York State Rifle & Pistol Assn. Inc. v. Bruen*, 597 U.S. 1, 8 (2022). The Court has held further that to justify a firearm regulation, "the government must demonstrate

that the regulation is consistent with the Nation's historical tradition of firearm regulation." *Id.* That tradition recognizes that in the 18th century, the right to "keep and bear arms" was widely understood to include "keeping a gun . . . for the destruction of game." *District of Columbia v. Heller,* 554 U.S. 570, 606 (2008). The provisions of 18 U.S.C. § 922(g)(7) – particularly as applied to Mr. Dorrance – are not consistent with that historical tradition. There is no such tradition supporting the exclusion from Second Amendment rights of a law-abiding non-immigrant alien such as Mr. Dorrance solely on the basis of renounced citizenship.

23. The Supreme Court has also ruled that the Second Amendment "permits the disarmament of individuals who pose a credible threat to the physical safety of others." *United States v. Rahimi*, 144 S. Ct. 1889, 1898 (2024). Mr. Dorrance does not pose any threat to the physical safety of others and there is no evidence to suggest that he does. He is an 80 year-old law-abiding former U.S. citizen who is a citizen of a strong ally of the United States, Ireland, and who resides in another allied nation, the Bahamas. He poses no physical threat to anyone.

24. As applied specifically to Mr. Dorrance, the statutes cited above violate the Second Amendment because they preclude him – a non-dangerous alien with substantial connections to the United States who enters the country lawfully – from possessing a firearm, even at his own ranch in Wyoming.

25. Accordingly, Mr. Dorrance is entitled to an order that 18 U.S.C. § 922(g)(7), as applied to him, violates the Second Amendment and may not be applied.

## SECOND CLAIM

*INDIVIDUALIZED, AS-APPLIED CLAIM FOR RELIEF
EQUAL PROTECTION, U.S. CONST. AMEND. V*

26. Mr. Dorrance repeats and realleges the allegations contained in the preceding paragraphs.

27.     18 U.S.C. § 922(y)(2)(A) provides for an exception to the prohibition in Section 922(g)(5)(B) against aliens possessing firearms if they have a valid hunting license, as does Mr. Dorrance, or travel to the U.S. for sporting hunting purposes. It does not provide for an exception if the alien has previously renounced U.S. citizenship and is prohibited from firearm possession by Section 922(g)(7).

28.     As an alien covered by Section (g)(5)(B) who is also covered by Section (g)(7) because he renounced his citizenship, Mr. Dorrance is intentionally treated differently from other aliens covered by Section (g)(5)(B) who also travel to the U.S. on nonimmigrant visas for hunting and sporting purposes or who have a hunting license and would be exempt under Section (y)(2)(A). This discrimination cannot be sustained by any standard of judicial review.

29.     Thus, as applied to Mr. Dorrance, Section 922(y)(2)(A) violates the due process clause of the Fifth Amendment, which guarantees the equal protection he is denied.

30.     Accordingly, in the event the Court determines that Section 922(g)(7) does apply to Mr. Dorrance notwithstanding the Second Amendment, he is entitled to an order pursuant to the due process clause of the Fifth Amendment that he is entitled to the exception provided in Section 922(y)(2)(A).

## THIRD CLAIM

*DECLARATORY JUDGMENT ACT*
*28 U.S.C. § 2201*

31.     Mr. Dorrance repeats and realleges the allegations contained in the preceding paragraphs.

32.     Mr. Dorrance is entitled to a declaration of his rights that 18 U.S.C. § 922(g)(7) cannot be applied to him as it violates his right to keep and bear arms under the Second Amendment of the United States Constitution.

33. In the event that the Court determines that Mr. Dorrance is not entitled to the declaration requested above, he is entitled to a declaration that the exception provided in 18 U.S.C. § 922(y)(2)(A) applies to him.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Dorrance prays for relief as follows:

(a) A declaration that 18 U.S.C. § 922(g)(7) as applied to John T. Dorrance, III, violates the Second Amendment of the United States Constitution;

(b) If the Court denies the relief requested in paragraph (b), above, a declaration that Mr. Dorrance is entitled to the exception provided in 18 U.S.C. § 922(y)(2)(A).

(c) An order permanently enjoining defendant, her successors and assigns and officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. §§ 922 (g)(5) and (7) against John T. Dorrance, III;

(d) An award of costs and reasonable attorneys' fees pursuant to 28 U.S.C. § 2412; and

(e) Such further relief as the Court deems appropriate, just, and equitable.

DATED: February 6, 2025

Respectfully submitted,

LONG REIMER WINEGAR, LLP

_Anna Reeves Olson_
Anna Reeves Olson, 6-3692
Jordan Haack, 8-7088
LONG REIMER WINEGAR, LLP
242 S. Park Street
Casper, Wyoming 82601
(307) 265-3843
(307) 235-0243 facsimile
aolson@lrw-law.com

*Counsel for Plaintiff*

CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP

*/Anna Reeves Olson for*
T. Barry Kingham
Hermann Ferré
101 Park Avenue
New York, NY 10178
(212) 696-6000
bkingham@curtis.com
hferre@curtis.com

*Attorneys for Plaintiff John T. Dorrance III*